**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000427
24-MAY-2023
08:06 AM
Dkt. 97 MO**

NO. CAAP-22-0000427

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF AA

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 16-00249)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, McCullen and Chan, JJ.)

Respondent-Appellant Father appeals from the Family Court of the First Circuit's June 24, 2022 order denying his motion for reconsideration.[1] On appeal, Father alleges that the family court violated his due process rights.[2] Based on the

---

[1] The Honorable Andrew T. Park presided.

[2] Father also contends that the family court committed structural error by failing to appoint counsel for the unknown natural father. See In re JH, 152 Hawaiʻi 373, 380, 526 P.3d 350, 357 (2023) (clarifying that the family court may discharge court-appointed counsel when a parent inexcusably fails to appear in court, stating that, absent a client, "what's an attorney to do?"). Based on our decision in this case, we need not address this issue.

discussion below, we affirm the family court's denial of Father's motion for reconsideration for lack of jurisdiction.

## I. BACKGROUND

### A. Termination Of Parental Rights

In November 2016, Mother gave birth to AA and requested he be placed in foster care. Upon discharge from the hospital, Petitioner-Appellee Department of Human Services (**DHS**) placed AA with Intervenors-Appellees resource caregivers (**Caregivers**).

On December 7, 2016, DHS filed a petition for temporary foster custody of AA and initiated the underlying case (**Underlying Case**). AA entered foster care in December 2016; AA was less than a month old. About a month later, the family court appointed Court Appointed Special Advocates Program (**CASA**) as AA's guardian ad litem.

Mother failed to provide DHS with sufficient information to identify or locate the then-unknown natural father of AA. As a result, the family court permitted service upon unknown natural father by publication. Following service by publication, DHS moved to terminate Mother's and unknown natural father's parental rights.

On February 27, 2018, the family court terminated Mother's and unknown natural father's parental rights.

**B.    First Motion To Intervene And Appeal**

On October 23, 2018, DHS filed a motion for immediate review, explaining that Father contacted DHS claiming to be AA's biological father and that AA was in the process of being adopted by Caregivers.  A genetic test confirmed that Father was the biological father of AA.

On February 11, 2019, Father moved to intervene (**Father's Motion to Intervene**); AA was a little over two years old.[3]

The family court granted the motion, but later set aside that order because Father was still in default.  The family court denied Father's motion to set aside the default, and Father appealed.  This court explained that Father could not proceed with a motion to intervene until his default was set aside.  In re AA, 148 Hawaiʻi 278, 472 P.3d 1123, No. CAAP-19-0000711, 2020 WL 5796177 at *13 (App. Sept. 29, 2020) (mem.).

On certiorari review, the Hawaiʻi Supreme Court held that the family court should have analyzed Father's motion to intervene under Hawaiʻi Family Court Rules (**HFCR**) Rule 24 without requiring him first to set aside the default judgment, and

---

[3]  Father's Motion to Intervene superseded a January 28, 2019 motion to intervene.

remanded the case for further proceedings. In re AA, 150 Hawaiʻi 270, 284-89, 500 P.3d 455, 469-74 (2021). The supreme court, however, upheld the family court's (1) service of Father via publication and (2) denial of Father's request to set aside default and termination of Father's parental rights by default. 150 Hawaiʻi at 284-89, 500 P.3d at 469-74.

**C.    Renewed Motion To Intervene**

On February 17, 2022, Father again moved to intervene (**Renewed Motion to Intervene**); AA was a little over five years old.

Father argued that he met the standards set forth in HFCR Rule 24(a)(2) for mandatory intervention and HFCR Rule 24(b)(1) for permissive intervention. Father relied on In re Doe, 109 Hawaiʻi 399, 126 P.3d 1086 (2006) and Hawaii Revised Statutes (**HRS**) § 587A-33(d) (2018).[4]

On March 14, 2022, the family court heard and orally denied Father's Renewed Motion to Intervene.

On March 22, 2022, the family court granted AA's adoption to Caregivers.

---

[4]  HRS § 587A-33(d) provides: "A family member may be permitted visitation with the child at the discretion of the permanent custodian. The court may review the exercise of such discretion and may order that a family member be permitted such visitation as is in the best interests of the child."

On April 25, 2022, the family court entered the order denying Father's Renewed Motion to Intervene.

On April 27, 2022, the family court revoked DHS's permanent custody and terminated its jurisdiction over the case in light of AA's adoption.

On May 5, 2022, Father moved for reconsideration of the denial of his Renewed Motion to Intervene (**Motion for Reconsideration**).

On June 7, 2022, the family court denied Father's Motion for Reconsideration explaining that it lacked jurisdiction over the case, and even if it had jurisdiction, Father presented no new argument:

> Having taken judicial notice of the records, file, and proceeding herein; having had the chance now in addition to the pleadings filed respectively by movant, CASA, and the [Caregivers] on May 5, 16th, and 25th; and now having had opportunity to hear and consider additional oral argument, for reasons contained in the two opposition memoranda filed by the CASA program and the [Caregivers], as joined by [DHS], the Court respectfully denies the motion for reconsideration filed by [Father].
>
> As an additional factor, as was pointed out in the CASA's memorandum, this Court did terminate its own jurisdiction of the case upon the granting of the adoption, which I suppose is the first hurdle. Even if this Court could have granted the reconsideration based on some vestigial or lingering jurisdiction that it had, the Court finds that there's no new argument or point of law presented in the reconsideration motion and that the Court did in fact correctly apply the law at the initial hearing on the motion filed by [Father] that . . . reconsideration was sought for, I should say.

On June 24, 2022, the family court entered the Order Denying the Motion for Reconsideration. Father timely appealed.

## II.   STANDARD OF REVIEW

"It is axiomatic that mootness is an issue of subject matter jurisdiction.  Whether a court possesses subject matter jurisdiction is a question of law reviewable de novo."  Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4-5, 193 P.3d 839, 842-43 (2008) (internal quotation marks omitted) (quoting Kahoʻohanohano v. Dep't of Hum. Servs., 117 Hawaiʻi 262, 281, 178 P.3d 538, 557 (2008)).

"When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction."  Kaaukai v. Cnty. of Maui, 126 Hawaiʻi 124, 267 P.3d 708, No. 29387, 2012 WL 149871 at *5 (App. Jan. 18, 2012) (SDO) (brackets omitted) (quoting Koga Eng'g & Constr., Inc. v. State, 122 Hawaiʻi 60, 84, 222 P.3d 979, 1003 (2010)).

## III. DISCUSSION

In his points of error, Father focuses on the denial of his Renewed Motion to Intervene (as opposed to the denial of his Motion for Reconsideration), contending that the family court violated his due process rights.  As he did below, Father argues that he met the requirements for mandatory intervention

under HFCR Rule 24(a)(2) and permissive intervention under HFCR Rule 24(b)(1).

In his Renewed Motion to Intervene, Father requested "an assessment of Father for reunification/visitation with the minor child and notification to all interested parties in preserving Father's rights in all cases."

But reunification was not at issue. By declining to set aside Father's default and termination of parental rights by default, the Hawaiʻi Supreme Court's decision in In re AA affirmed the family court's termination of Mother's and Father's parental rights to AA and award of permanent custody of AA to DHS. See In re AA, 150 Hawaiʻi at 285-86, 500 P.3d at 470-71. In other words, In re AA ended Father's legal challenges to the family court's termination of parental rights and cleared the path for Caregivers to adopt AA. HRS § 578-2(c)(1)(K) (2018) (providing that an adoption may occur without the consent of "[a] parent whose parental and custodial duties and rights have been divested by an award of permanent custody pursuant to section 587A-33").

Father's remaining right was visitation with AA under HRS § 587A-33(d). But, for purposes of this appeal, even if Father's Renewed Motion to Intervene met the requirements of HFCR 24(a)(2) or (b)(1), AA's adoption about two months later extinguished Father's residual interest in visitation. In re

7

Doe, 109 Hawaiʻi at 410, 126 P.3d at 1097 (explaining that "such [HRS § 587A-33(d)] rights and interests terminate on the condition the children are adopted or reach the age of eighteen").

Thus, any challenge to the family court's denial of Father's Renewed Motion to Intervene was rendered moot upon AA's adoption.

As for the denial of Father's Motion for Reconsideration, AA's adoption 45 days earlier terminated the family court's jurisdiction over the Underlying Case because AA was no longer subject to harm. HRS § 587A-5 (2018) (providing that a family court has jurisdiction over any child found within the State of Hawaiʻi that "is subject to imminent harm, has been harmed, or is subject to threatened harm by the acts or omissions of the child's family"); HRS § 587A-4 (2018) (defining family, in relevant part, as the legal parent of a child); HRS § 578-16(b) (2018) (providing in relevant part that "[t]he former legal parent or parents of an adopted individual and any other former legal kindred shall not be considered to be related to the individual"). The family court recognized this and entered an order terminating the Underlying Case on April 27, 2022.

Thus, the family court had no jurisdiction over Father's May 5, 2022 Motion for Reconsideration.

### IV. CONCLUSION

Therefore, we affirm the family court's June 24, 2022 order denying Father's Motion for Reconsideration for lack of jurisdiction.

DATED:  Honolulu, Hawaiʻi, May 24, 2023.

On the briefs:

Georgia K. McMillan,
For Respondent-Appellant.

Jonathan M. Fujiyama,
Julio C. Herrera,
Deputy Attorneys General,
for Petitioner-Appellee.

Francis T. O'Brien,
for Intervenors-Appellees.

Shelby N. Ferrer,
for Court Appointed Special
Advocates Program.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge